USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/20/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWIN MOLINA,

                      Petitioner,

    -against-

UNITED STATES OF AMERICA,

                      Respondent.
------------------------------------------------------------X

09 Civ. 3118 (RMB) (JCF)

**DECISION & ORDER**

## I. Background

On or about April 1, 2009, Edwin Molina ("Petitioner" or "Molina") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition") seeking to "vacate, set aside, or correct" his April 19, 2006 sentence of 180 months incarceration (and five years supervised release) for his May 1, 2005 conviction, following a jury trial, of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e) and 2. (See Judgment, dated May 1, 2006, at 1. ("Judgment").)

On or about November 28, 2007, the United States Court of Appeals for the Second Circuit affirmed Petitioner's conviction. United States v. Molina, 255 F. App'x 563, 564 (2d Cir. 2007). The Court of Appeals determined that Petitioner did "not carry [his] 'heavy burden' of showing that . . . the jury lacked sufficient evidence" to convict him and that there was "no error in the district court's charge" to the jury on reasonable doubt. Id.

Petitioner alleges, among other things, that: (1) the sentencing court should not have applied the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to Petitioner's April 19, 2006 sentence because (a) two of Petitioner's prior criminal convictions are "a single sentence" because "there was no intervening arrest and . . . [they] were consolidated for

sentencing," and (b) only a jury could determine whether Petitioner was convicted of three prior felonies; and (2) trial counsel "allow[ed] the district court to unlawfully enhance [his] sentence under" the ACCA. (Pet. at 5, 8.)

On November 19, 2009, United States Magistrate Judge James C. Francis, IV, to whom the matter had been referred, issued a thorough report and recommendation ("Report"), recommending that the Petition be denied because, among other reasons: separate "criminal acts trigger application of the ACCA even if they were consolidated . . . for sentencing" and there was no intervening arrest, (Report at 6 (citing United States v. Brown, No. 09 Civ. 142, 2009 WL 2923262, at *2 (E.D.N.Y. Aug. 7, 2009))); and "the question of whether [Petitioner's] prior convictions qualified him for an enhanced sentence [is] not [an issue to be] decided by a jury," (Report at 8); and "even if . . . [P]etitioner's attorneys had objected to the sentencing enhancement . . . the result of the proceedings would have been the same." (Report at 10.)

On or about December 2, 2009, Petitioner submitted objections ("Objections") to the Report arguing essentially the same points presented to Judge Francis.

**For the reasons stated herein, the Report is adopted in its entirety and the Petition is denied.**

## II. Standard of Review

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 635(b)(1)(C); see also Donahue v. Global Home Loans & Fin., Inc., No. 05 Civ. 8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). The Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 89 F.2d 16, 19 (2d Cir. 1989).

Where, as here, a petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 13 F.3d 787, 790 (2d Cir. 1994).

### III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of the Petition, the Report, Petitioner's Objections, the record, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Francis are supported by the record and the law in all respects.[1] See Pizarro v. Bartlett, 776 F. Supp. 15, 817 (S.D.N.Y. 1991). Petitioner's Objections do not provide any basis for departing from the Report's conclusions and recommendations.

#### (1) Application of the ACCA

##### (a) Number of Prior Convictions

Judge Francis properly concluded that Petitioner's three prior convictions qualified him for enhanced sentencing under the ACCA because Petitioner "was convicted of three distinct armed robberies [that] . . . occurred on different days in different locations and were perpetrated against different victims." (Report at 6); see United States v. Daye, 571 F.3d 225, 237 (2d Cir. 2009) ("[C]onvictions arise from conduct committed on different occasions [under the ACCA] if

---

1    As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

3

they do not 'stem[] from the same criminal episode'" which is determined by "whether the victims of the . . . crimes were different, whether the crimes were committed at different locations, and whether the crimes were separated by the passage of time." (quoting United States v. Rideout, 2 F.3d 32, 34 (2d Cir. 1993))); see also United States v. Stuckey, 317 F. App'x 48, 50 (2d. Cir. 2009) (quoting District of Columbia v. Heller, 128 S. Ct. 2783, 2791 (2008)).

**(b) Court/Jury Determination**

Judge Francis also properly concluded that "the question of whether [Petitioner's] prior convictions qualified him for an enhanced sentence [is] not [an issue to be] decided by a jury." (Report at 8); see United States v. Santiago, 268 F.3d 151, 154, 157 (2d Cir. 2001) ("[T]he requirement of three prior felony convictions under . . . [the ACCA] is a sentencing factor to be considered by the judge, not a . . . jury."); see also Belk v. United States, No. 05 Civ. 2696, 2006 WL 963880, at *4–5 (S.D.N.Y. Apr. 13, 006).

**(2) Assistance of Counsel**

Judge Francis properly determined that Petitioner's claim for ineffective assistance is not persuasive because Petitioner cannot prove that "deficient performance" of counsel "prejudiced his defense." (Report 8–9.) The ACCA "provides the minimum sentence mandated by Congress . . . and [Petitioner] unquestionably met the criteria for an armed career criminal enhancement." (Report at 10); see Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Whidbee v. United States, No. 09 Civ. 780, 2009 WL 2242341, at *3 (E.D.N.Y. Jul. 27, 2009) ("would have been 'fruitless' and harmful" if "petitioner's trial counsel . . . object[ed] to the enhanced sentence" under the ACCA).

## IV. Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case. See Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

## V. Conclusions and Order

For the reasons stated herein, the Report is adopted in its entirety and the Petition [#1] is denied. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
January 20, 2010

*RMB*

RICHARD M. BERMAN, U.S.D.J.