USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/17/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

EDWIN MOLINA,

                Petitioner,

-v-

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------------------------x

**DECISION AND ORDER**

04 Cr. 989 (RMB)
16 Cv. 5055 (RMB)

## I. Background

On June 27, 2016, Edwin Molina ("Petitioner" or "Molina") filed a petition ("Petition") pursuant to 28 U.S.C. § 2255 challenging his sentence of 180 months' incarceration followed by five years of supervised release. See Pet'r's Mem. of Law, dated August 23, 2016 ("Pet.'s Mem."); J. and Commit. Order, dated April 26, 2006; Sentencing Tr., dated Apr. 19, 2006 ("Sent. Tr.").

On or about May 5, 2005, after a jury trial, Molina had been found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). J. and Commit. Order, dated April 26, 2006. At sentencing, the Court found that Molina qualified for a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Sent. Tr. at 9. The Probation Office's presentence report, dated September 28, 2005, indicated that Molina's three prior New York convictions for second degree attempted robbery qualified as violent felonies within the meaning of § 924(e)(2)(B) of the ACCA. The Court sentenced Molina to 180 months of imprisonment, the mandatory minimum under § 924(e)(1), followed by five years of supervised release. Sent. Tr. at 9. The Second Circuit subsequently affirmed Molina's conviction

1

on direct appeal. United States v. Molina, 255 F. App'x 563 (2d Cir. 2007) (summary order) ("[T]he evidence that Molina was guilty of the offense was sufficient for a reasonable jury to convict him" and "we find no error in the district court's charge [to the jury regarding reasonable doubt].").

In 2009, Molina filed his first § 2255 petition. Mot. to Vacate Under 28 U.S.C. § 2255, dated April 1, 2009. The Court denied Molina's petition, finding, among other things, that Molina's "three prior convictions qualified him for enhanced sentencing under the ACCA" because Molina "was convicted of three distinct armed robberies [that] . . . occurred on different days in different locations and were perpetrated against different victims." Decision and Order, Molina v. United States, 09-cv-3118 (S.D.N.Y. Jan 20, 2010), at 3-4. The Court also found that Molina could not prove that his counsel was ineffective (as he had asserted) in failing to object to the ACCA sentencing enhancement. Id. at 4. Because Molina "unquestionably met the criteria" for the enhancement, Molina failed to prove that deficient performance of counsel prejudiced his defense. Id. The Second Circuit authorized the filing of a second or successive habeas petition. See Order, Molina v. United States, 16-1551 (2d Cir. July 19, 2016).

The instant petition challenges Molina's sentence based upon the classification of his three prior New York second degree attempted robbery convictions as violent felonies under the ACCA. Pet.'s Mem. at 2. Molina argues that: **(1)** because the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) invalidated the ACCA's residual clause, "[t]he only potentially applicable prong of [the] ACCA's 'violent felony' definition is . . . [the] force clause[,]" Pet'r's Suppl. Mem. of Law, dated Nov. 19, 2018 ("Pet.'s Suppl. Mem."), at 4; and **(2)** the prior convictions "do not require the requisite force to qualify under the force clause." Pet.'s Mem. at 7.

2

The Government responds **(1)** that Molina's prior New York convictions for second degree attempted robbery are "unquestionably violent felonies" under the ACCA's force clause; and **(2)** that the Petition is "procedurally barred . . . because [Molina] failed to raise [the claim] on direct review" and because "he failed to raise the claim within the applicable one-year statute of limitations" in § 2255(f)(3). Gov't Mem. of Law, dated Sept. 9, 2016, at 6-7.

**For the reasons set forth below, the Petition is respectfully denied.[1]**

## II. Legal Standard

Collateral relief under 28 U.S.C. § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

## III. Analysis

### Molina's Prior Convictions for Second Degree Attempted Robbery Qualify as Violent Felonies Under the Force Clause of the ACCA

Molina argues that his three predicate New York convictions for second degree attempted robbery do not qualify as violent felonies under the ACCA force clause because "one can commit New York robbery with such de minimis uses of force as forming a human wall, bumping, and tugging, well short of the 'violent force' required by Johnson v. United States, 559 U.S. 133 (2010)." Pet.'s Suppl. Mem. at 2.

Molina's argument is squarely foreclosed by recent Second Circuit case law which has established that "prior convictions under New York law for attempted second-degree robbery

---

[1] **Any issues or arguments not specifically addressed in this order have been considered by this Court and rejected.**

3

qualify as violent felonies under" the ACCA's force clause. Brown v. United States, 752 F. App'x 108, 109 (2d Cir. 2019) (summary order); see also United States v. Thomas, 765 F. App'x 553, 559 (2d Cir. 2019) (summary order) ("all degrees of robbery and attempted robbery under New York law constitute violent felonies within the meaning" of the ACCA's force clause).

The Court does not reach the government's arguments that Molina's Petition is procedurally barred.[2] See, e.g., Brown, 752 F. App'x at 109, n.1 ("In light of this disposition [i.e. ruling on the merits that attempted second degree robbery satisfies the ACCA's force clause], we do not reach the government's arguments that [the petitioner's] claim for relief under § 2255 is procedurally barred."); Johnson v. United States, 779 F.3d 125, 127 (2d Cir. 2015) ("We see no reason to undertake a (likely unedifying) tour of the procedural landscape . . . . 'It is well-settled that the doctrine of procedural default is prudential rather than jurisdictional in nature.'") (quoting Kuhali v. Reno, 266 F.3d 93, 101 (2d Cir. 2001)); Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001).

## IV. Certificate of Appealability

The Court declines to grant Petitioner a certificate of appealability as Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. Petitioner cannot demonstrate that "jurists of reason could disagree with the [Court's] resolution of his

---

[2] The government raises two procedural arguments. First, the government contends that the Petition is barred by procedural default because Molina "failed to claim on direct appeal that his prior convictions did not qualify as violent felonies under [the] ACCA." Gov't Mem. of Law, dated Sept. 9, 2016, at 10. Second, the government contends that the Petition is barred by the statutory one-year time limit in § 2255(f)(3). Id. at 12-13.

4

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

V. **Conclusion and Order**

For the reasons stated herein, the Petition is denied. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York

October 17, 2019

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**